Barrett v. Dean.

## BARRETT v. DEAN.

1. **Contract:** UNILATERAL. While it is competent for parties to make unilateral contracts; such intention must be plain and clear beyond question to warrant such a construction.

2. **Tender of deed:** CASE FOLLOWED: *Grimmell* v. *Warner* (21 Iowa, 11), as to the tender of deed in certain cases, followed.

*Appeal from Des Moines District Court.*

WEDNESDAY, DECEMBER 12.

ACTION TO FORECLOSE TITLE BOND: SPECIAL PROVISIONS CONSTRUED.—This action was instituted in 1863, upon an agreement or instrument in writing, dated April 23, 1856, entered into between the defendant and Richard F. Barrett, of whose estate the plaintiff is the administrator. This agreement is as follows:

This agreement, made and entered into this 23d day of April, A. D. 1856, by and between Richard F. Barrett, of the city of St. Louis, and of St. Louis county, and State of Missouri, of the first part, and M. W. Dean, of Lee county, and State of Iowa, of the second part, witnesseth: First, that the said party of the second part hereby agrees and binds himself and his legal representatives to pay or cause to be paid to the said party of the first part, his heirs or assigns, the sum of nine hundred dollars, in the manner following, to wit: In five equal annual payments of one hundred and eighty dollars each, the first payment to become due on the 23d of April, 1857; the second on 23d April, 1858; third, April 23, 1859; fourth, 23d April, 1860, and fifth, April 23, 1861—all to bear ten per cent interest from date until paid, which is to be paid annually at Burlington.

The said payments to be made to the party of the first part, his agent or lawful attorney, and being intended to apply, when fully completed,

| | |
|---|---|
| 21 | 423 |
| 101 | 200 |
| 21 | 423 |
| 104 | 44 |
| 104 | 730 |
| 21 | 423 |
| 109 | 697 |
| 21 | 423 |
| 122 | 378 |

as the purchase-money of the following lot or tract of land, situate, lying and being in the county of Des Moines in the State of Iowa, known and described as follows, to wit: Lots number sixteen (16), seventeen (17) and eighteen (18), in Barrett's subdivision of out lots nine hundred and fifty-eight (958), in the city of Burlington, State of Iowa.

The said party of the second part further agrees and covenants that he will pay all taxes, special or general, which have been assessed on the above described premises since the first day of January, A. D. 1856, and also all such as may hereafter be assessed thereon, whenever such taxes shall become due and payable by law, until the aforesaid purchase-money shall be fully paid, in the manner above stated ; and also to hold said premises from the date hereof as the tenant at sufferance of the said party of the first part, subject to be removed by process under the statute in such cases made and provided, as a tenant holding over without permission, whenever default shall be made in the performance of any condition or covenant herein contained, or of the payment of any of the installments of purchase-money above specified.

Second, the said party of the first part hereby agrees and binds himself, his heirs and executors, that in case the aforesaid nine hundred dollars, with the interest, shall be fully paid at the times and in the manner above specified, he will, on *demand thereof*, cause to be executed and delivered to the said party of the second part, or his legal representatives, a good and sufficient warranty deed, in fee of the premises above described, free and clear of all legal liens and incumbrances, except the taxes herein agreed to be paid by the party of the second part.

And the said party of the first part further agrees and covenants to pay to the said party of the second part, or his legal representatives, the sum of nine hundred dollars, as a penalty, in the event of the failure on his part to execute the deed above mentioned whenever the said party of the second part shall have punctually and fully complied with this agreement on his part ; but it is distinctly agreed and understood by and between the parties hereto, that if the said party of the second part shall fail to make any of the payments of the purchase-money above specified, at the time and in the manner above specified, or shall fail to comply with or perform any of the covenants, conditions or stipulations herein contained, in the manner and at the time herein specified, this agreement shall be thenceforth utterly *void, and* all payments made thereon forfeited.

In testimony whereof the said parties have hereto subscribed their names the day and year first above written.

RICHARD BARRETT,
M. W. DEAN.

The following facts are set out in the petition :

1. That Richard F. Barrett departed this life 16th May, 1860, and that plaintiff is his executor.

2. That the agreement given above was entered into between the parties at the day of the date thereof.

3. That defendant paid the first installment due plaintiff, amounting to $270, under said agreement, according to the terms thereof, but refused to perform said contract and pay the balance.

4. That $1,200 is now due on the agreement.

The following relief is prayed:

1. That judgment against defendant for the amount due on the agreement be rendered.

2. That "defendant's equity in said property be foreclosed, and said lots be sold upon the decree of this court."

3. That authority be decreed plaintiff to convey the title to the purchasers at said sale, or to defendant, should he perform the contract.

To the petition defendant demurred, and sets out the following causes of demurrer:

1. By the terms and stipulations of the agreement it was to be void and terminate upon the failure and refusal of defendant to perform his covenants therein; such condition was a mutual covenant, absolute and not dependent upon the option of the plaintiff only, but also upon the option of defendant upon forfeiting the amounts paid. Such option was taken by defendant in the act of his refusal to comply with the terms of the agreement. All of which appearing in the petition plaintiff cannot recover.

2. The petition shows that plaintiff has neither executed and delivered, nor tendered a deed to defendant for the property described in the agreement requiring decedent to make a deed; he cannot, therefore, sustain the action.

The cause was submitted to the court upon the demurrer which was overruled; the defendant standing upon his demurrer, decree in accordance with the prayer of the

petition, was rendered against him, to which he at the time excepted. The decree gave power to convey on payment of the purchase-money. It is assigned as error: First, that the District Court erred in overruling the demurrer of defendant. Second, the District Court erred in rendering the decree against defendant.

*Grant & Smith* for the plaintiff.

*J. M. Beck* for the defendant (appellant).

DILLON, J.—Defendant contends that the true construction of the agreement is, that he was not absolutely bound to pay the purchase-money for the lots, but that he had the option to abandon the contract; that this option might be manifested by simply failing to pay any one of the installments of purchase-money, or to pay the taxes or perform any of the conditions on his part, he forfeiting whatever he might have paid at the time of abandonment; in short, that any failure of the defendant to perform his stipulations instantaneously and *ipso facto* made the agreement void.

I. CONTRACT: unilateral.

This construction, it will be seen, makes the contract a species of *felo de se*. It puts every thing into the hands of the defendant. If the property advances in value during the five years, the defendant will pay, will claim the contract to be binding upon the plaintiff and will hold him to it. If it depreciates, he claims that he is armed with a weapon to cut the throat of the contract and thereby, whether the plaintiff be willing or unwilling, to release himself from all further *liability*.

We will not deny that parties may make binding unilateral contracts of this character. But to give a contract such a construction, it should be plain and clear beyond question from the terms used that such was the intention of the parties.

Analyzing and critically examining the agreement in suit, such intention does not satisfactorily appear. Upon the purchase, defendant acquired the right to possession. It is so stipulated. No part of the purchase-money was paid in hand, and none was to be paid until *a year* from the date of the contract.

Under the defendant's theory the plaintiff was bound to keep the title to the land for him until the expiration of the year, and then he, the defendant, might say to him, " I will take it " or " I will not take it," just as it might suit his convenience or his interest. If the property fell in value and defendant elected not to take it, the defendant would forfeit nothing because he had paid nothing; meantime, perhaps, being in possession or at least having the right to it. This consideration deprives the argument of the defendant's attorney of much, if not all, its force. That argument is this : that the obligor (Barrett) agreed that Dean might have the privilege of saying whether he would keep the land or not, and that the consideration and inducement for giving this privilege was the mutual stipulation, binding upon Dean, that by his failure to pay " all payments thereon should *be forfeited.*" There would be more force to this argument had a portion of the purchase-money been paid at the time of the making of the contract.

Looking at the contract, we find that it first sets out what Dean agrees to do. And, first, he agrees to pay the purchase-money, with interest, in five annual installments. The covenant to pay contains no condition, *but is absolute.* And, second, Dean agrees to pay all taxes, when they become due, "*until* the aforesaid purchase-money shall be fully paid in the manner above stated." This engagement is also without words of condition. And, third, he agrees that he holds possession subject to removal if he fails to perform " any condition or covenant herein contained." The next division of the agreement sets out Barrett's

obligations, which are : First, to make a deed upon demand, when the purchase-money is fully paid. Second, to pay Dean $900, as a penalty if he fails to make such deed, and it is in this connection that the clause in the agreement occurs upon which the defendant relies. This clause commences with the word " but," and thus reads : " But it is distinctly agreed and understood, by and between the parties hereto, that if the said party of the second part (Dean) shall fail to make any of the payments at the time, &c., or shall fail to comply with, &c., any of the covenants, &c., herein specified, this agreement shall be thenceforth utterly void, and all payments made thereon forfeited."

Taking the whole contract together, we think this last clause means and was intended to mean simply this, that Barrett's agreement to convey should not be binding upon him, and Dean should forfeit all money paid if he should not fully comply with his contract. This provision was intended for Barrett's benefit, not Dean's.

This case is obviously distinguishable from *Bradford* v. *Limpus* (10 Iowa, 38). We do not deem it profitable to review the authorities, not all reconcilable with each other, referred to by counsel. Cases of this character turn very much upon the special terms of the agreement, and these are generally different, each case having features rendering it more or less unlike other cases, to which it may have a general resemblance.

The tender of a deed (the plaintiff praying for authority from the court to execute one on payment of the purchase-money, and this authority being afterward given by the decree of the court) before suit brought was not essential. *Grimmell* v. *Warner*, 21 Iowa, 11, and cases cited.

2. TENDER OF DEED: case followed.

*Barrett* v. *Peck*, involving same questions, is decided the same way, and the decree in both cases is

Affirmed.