FLANDERS v. MERRILL.

1. **Contract:** UNILATERAL. A unilateral contract will be sustained only when the intention of the parties to enter into such a contract is manifest and clear beyond question.

2. ———: TITLE BOND. To create liability upon a contract for the purchase of real estate, promissory notes are not essential. The obligation arises from the title bond alone.

*Appeal from Clayton District Court.*

FRIDAY, JUNE 19.

ACTION to foreclose title bond. Judgment for plaintiff on demurrer. Defendant appeals. The facts are stated in the opinion.

*James O. Crosby* and *Elijah Odell*, for appellant.

*Noble, Hatch & Freese*, for appellee.

MILLER, CH. J.—The original petition alleged that on the 7th day of February 1867, plaintiff sold to William B. Grant and Samuel Merrill certain real estate described in a bond annexed, and which was then executed and delivered. It alleges the payment of the mortgage mentioned in the bond, and claims judgment for the two last payments which it alleges to be due. The bond is as follows:

"Whereas, Samuel Merrill and Wm. B. Grant, of the County of Clayton and State of Iowa, in consideration of eight thousand five hundred dollars, to be paid as follows, to-wit:

"The sum of five hundred dollars cash upon the delivery of this instrument, the sum of four thousand dollars in 30 days from the date of this instrument, the sum of fifteen hundred dollars on the 22nd day of June, A. D., 1871, with interest at the rate of six per cent., interest to be paid annually, and the sum of twenty-five hundred dollars on the 22nd day of June, A. D., 1871, with ten per cent. interest, interest to be paid annually, for the purchase money of the following described property, to-wit: The north-east quarter of the south-east quarter of section seven (7), and a tract of land described as follows: Commencing 27.50 chains south of the quarter post on the north side of section seven (7), township ninety-four, north of range 3, west of 5th P. M., running thence north 63 degrees, east 7.50 chains, thence south 88 degrees, east 11.80 chains, thence north 69½ degrees, east, 7.00 chains, thence north 22 degrees, west 2.10 chains to the line of the forty-acre lots, thence east on the line of the forty-acre lots, to the section line, thence south on the section line to the quarter post, thence west on the quarter section line to the center of the section, thence north to the place of beginning, all of the above described land being on section seven (7), township ninety-four (94), north of range three west. Also, a strip of land three rods wide, having its center on the center of the mill-race; the same being the race-way of Sturms' mill, and also a

strip of land or wedge of land, between said race and the road leading by Mr. McCarty's house, also, the water race of the mill herein mentioned and · sold, the three last mentioned pieces being the property reserved by Lewis Sturms in a bond or agreement given by said Sturms to Joseph P. Richards, dated January 31, 1866, filed for record February 27, 1866, and recorded in Vol. B–2 of deeds of Clayton county, Iowa. Now, if the said Samuel Merrill and Wm. B. Grant will pay said sums, as above described, when the same shall mature, and pay the interest annually, and pay all taxes that may be assessed against the same, then and in that case I agree to and with the said Samuel Merrill and Wm. B. Grant to make to them a good and sufficient warrantee deed for the above described premises. But should said Samuel Merrill and Wm. B. Grant fail or refuse to pay said sums as above described and fail or refuse to pay the interest annually or neglect or refuse to pay the taxes that may be assessed against the same, then and in that case I reserve the right to sell the above described property to any person or persons after the failure of said Samuel Merrill and Wm. B. Grant to comply on their part, time being the essence of this agreement.

"And it is further agreed that if a certain mortgage given by Lewis Sturms to Geo. Eastman, and now owned by C. F. Remick, shall be paid and discharged before its maturity, then it shall be optional to said Samuel Merrill and Wm. B. Grant to pay all the money that is due, or to become due on this bond, and upon the payment thereof I will make the deed to them. "G. H. FLANDERS,

"REBECCA FLANDERS."

"McGREGOR, IOWA, February 7, 1867."

At the January term, 1872, of the court, judgment was rendered in favor of plaintiff against the defendant Grant, and the cause continued as to Merrill. At the January term, 1873, plaintiff filed an amendment to his original petition as follows:

"Now comes the plaintiff, by leave of court, and for amendment to the original petition herein says: 1. That prior to the

commencement of this action the defendant, Samuel Merrill, duly transferred all of his interest in the said premises, and has not since had any interest therein. 2. That at the January term of this court, A. D. 1872, judgment was rendered on said title bond in favor of the plaintiff and aganst the defendant, William B. Grant, for $4,357 and costs taxed at $8.05; and further rendered a decree of foreclosure in favor of the plaintiff against all of said defendants, except the said Samuel Merrill, directing the sale of the premises described in said title-bond (or so much as should be necessary) to satisfy said judgment. "3. That afterwards a special execution was issued upon said judgment and decree, by virtue of which execution the sheriff of said county sold to the plaintiff the whole of said premises, and realized from said sale over and above the amount required to pay the costs as aforesaid, and the proper costs of said sale the sum of $3,941.45, which sum was paid to the sheriff on the 23d day of March, A. D. 1872, all of which will more fully appear by the return of the sheriff endorsed on said writ, on file in the office of the clerk of this court. 4. That there is still due the plaintiff of the purchase money for said premises, on the contract recited in said title-bond, the sum of $540.75, (540.75), for which sum the plaintiff demands judgment against the said defendant, Samuel Merrill, with costs."

To the petition and amended petition the defendant, Merrill, filed a demurrer, stating two grounds; *first*, that it is not shown that he, Merrill, promised or undertook to pay or give his notes, or assumed any personal liability to the plaintiff beyond the sum he paid down on the contract; *second*, that the petition and amendment shows that the defendants paid plaintiff $500 for the privileges enumerated in the bond, and that the further payments mentioned therein were optional with them. The court overruled this demurrer, and this ruling is the assigned error.

It is insisted by appellant in argument that he assumed no obligation to pay, jointly with Grant, the sums of money that are mentioned in the bond. In other words, the contract was unilateral, only binding the plaintiff

1. CONTRACT: unilateral.

to convey if defendants saw fit to make the stipulated payments, but that there was no obligation on their part to make the payments.

It was held in *Barrett v. Dean*, 21 Iowa, 423, that while it is competent for parties to make unilateral contracts, the intention to do so must be plain and clear beyond question to warrant such a construction; and the contract in that case, which was somewhat similar to the one in this, was held to be binding upon both parties.

2. ——— : title
bond.

That there were no notes or other obligations separate from the bond, made to evidence an obligation on the part of the defendants to pay the consideration for the land to be conveyed, will not release them from such obligation; they may be bound by the terms of the bond to make such payment. *Newberry v. Rutter*, 38 Iowa, 179, *ante*. The true question, in all cases, is as to the intention of the parties. If from the writing it is clear and plain beyond doubt that an unilateral contract was intended to be made, then it will be so held. If on the other hand it is not clear and beyond doubt that such was the intention of the parties, the court will so construe it, for the absence of this intention it will be presumed that in making their contract they intended it to be mutually obligatory.

It would be impossible for any one, after reading the contract in this case, to affirm that it was plain and clear that the parties intended the plaintiff should be bound, but that it should be optional with the defendants to pay or not for the land purchased. True, the contract does not contain a direct and plain promise on the part of the vendees to make the stipulated payments to the vendor, as was the case in *Barrett v. Dean, supra*, nor is the contract in this case very artistically drawn, so as to clearly express in logical form the terms of the contract. It does, however, recite the consideration of eight thousand " to be paid " by Merrill and Grant for the land described therein, at the times and in the sums therein specified; and it provides that if they shall pay these sums as they mature with interest and taxes, then the vendor agrees to convey the land to them. But if they should fail or refuse to pay, etc.,

the plaintiff reserves the right to sell the property to any person or persons after such failure by the defendants "to *comply on their part.*" The whole tenor of the instrument evinces the intention that both parties should be bound, the defendants to make the payments specified, and the plaintiff to convey on his deed. The money is agreed "to be paid" by defendants. The part to be made by plaintiff if defendants shall "comply on their part."

The last clause of the instrument which gives the defendants the option to pay all the money due or to become due on the bond and take a deed in the event that a certain mortgage should be paid off before maturity, was not intended to give defendants the option to pay or not the several installments as stipulated in the bond as they fell due. The purpose of this clause, though not free from ambiguity, seems to have been to enable the defendants, in case the mortgage named, being on part of the land purchased, should be paid and discharged before its maturity, to then have the option to make payment of the whole of the unpaid purchase money of the land and obtain a deed from plaintiff.

The judgment of the court below will be

AFFIRMED.