Nowlin v. Pyne.

1. **Contract:** WHEN NOT UNILATERAL. A contract between two parties for an exchange of farms stipulated, among other conditions, that if one of the parties failed to convey after the other had gone into possession under the contract, he should pay the latter for the work he had performed upon his farm: *Held,* that this stipulation did not create a unilateral contract, and that damages would lie for the refusal to convey.

2. ———: DAMAGES: WAIVER. That a contract provides for the payment of certain damages for a breach of it, does not amount to a waiver of any other damages to which a party might be entitled.

*Appeal from Benton Circuit Court.*

TUESDAY, DECEMBER 22.

PLAINTIFF claimed twelve hundred dollars damages on account of an alleged breach of the following written con-

tract, executed by plaintiff and defendant, to-wit: "Whereas, John F. Pyne has this day sold to James A. Nowlin the following described real estate, situated in Hardin county, Iowa, to-wit: * * * * for the sum of twelve hundred dollars, for which the said Pyne agrees to deliver to the said Nowlin a warranty deed, on or before the first day of April, 1874, in consideration whereof, the said Nowlin agrees to convey to said Pyne, by good and sufficient warranty deed, on or before the first day of April, 1874, the following property, to-wit: * * * *. And it is further understood that said Nowlin is to have possession of said property this fall, so as to do his fall plowing thereon; also, that he is to remain in possession of said property, so agreed to be conveyed to said Pyne, until the first day of January, 1874, or until the land is conveyed to him by said Pyne. It is also understood, that in case the said Pyne fails to make said conveyance, as aforesaid, then he agrees to pay said Nowlin for all plowing done by him on said land; or, in case said Nowlin shall rent said farm land, then said Pyne agrees to recognize said contract of rental, and permit the tenant to remain on said land during the term of his lease, said Pyne being entitled to the rents and profits of said land, in the event that he fails to make such conveyance; and it is further understood that in case said property in Hardin county has been injured by fire before the date of this contract, then this contract is to be null and void."

To the petition defendant demurred upon the following grounds:

1. The sales of the property of the respective parties were conditional and optional as to defendant, and entirely dependent upon his election to complete the same.

2. The contract binds defendant, in case he should fail to convey, only to pay the plaintiff the value of any plowing done by him on said lands, and to recognize any lease of the same; yet the petition does not show that any plowing has been done, nor that any lease was made.

The court sustained the demurrer, and, the plaintiff declining to amend his petition, rendered judgment against plaintiff for costs. Plaintiff appeals.

*C. H. Conklin,* for appellant.

*Traer & Gilchrist,* for appellee.

DAY, J.—I.  We discover nothing in the contract sued on that is sufficient to support the conclusion that its perform-

1. CONTRACT: when not unilateral. ance is, upon the part of the defendant, optional. Whilst it may be competent for parties to make a unilateral contract, yet the intention of the parties should be, beyond question, plain and clear from the terms used, before a contract should receive such a construction.  *Barrett v. Dean,* 21 Iowa, 423.

The contract in question is a mutual agreement, couched in reasonably apt and explicit terms, for an exchange of lands. The consideration moving to each, is the agreement of the other to convey.  It is recited in the contract that Pyne agrees to deliver to Nowlin a warranty deed for certain premises, on or before the first day of April, 1874, in consideration whereof Nowlin agrees to convey to Pyne, by warranty deed, certain other premises, on or before the same date.  No condition is attached to the agreement of either party.  The contract of Pyne to convey appears to be just as absolute as that of Nowlin.  True, the contract recognizes the existence of the possibility of Pyne's failing to perform the agreement.  But the contract does not create this possibility.  It would have existed if no allusion had been made to it in the contract.  If this agreement is optional upon the part of Pyne, it must also be so upon the part of Nowlin, and we have the anomaly of a legal contract, between competent parties, resting upon a valid consideration, which, nevertheless, neither party can enforce against the other.  The court, we think, erred in sustaining the first ground of the demurrer.

II.  The sustaining of the second ground of demurrer is equally erroneous.  The contract creating an obligation upon

2. ——: damages: waiver. the part of both parties to it, to perform its conditions, the law awards appropriate damages for its breach.  The contract was made in the fall of 1873, and stipulated that Nowlin was to have possession of the premises

to be conveyed to him in time to do his fall plowing thereon. It is claimed that the provision of the contract that Pyne, in case he failed to convey, shall pay Nowlin for all plowing done by him on said land, and shall recognize any contract of rental thereof made by Nowlin, contains a stipulation for all the damages which are to be recovered because of a breach of the contract. This position would be correct if the parties to a contract must stipulate for the damages to be recovered, in order that they may recover any. But the law, of itself, attaches to the breach of every contract the right to recover proper damages. That the parties have expressly provided for the payment of some of the damages, which, perhaps, the law would have awarded without such provision, cannot be construed to be a waiver of the right to recover other damages which the law permits. In order to defeat the recovery of such damages, it must clearly appear that the parties have stipulated for all the consequences which they intend shall follow a breach of their agreement. It is plain that this agreement merely refers to certain incidental damages, which might not arise at all, whilst as to the principal damages, and which are certain to follow a breach of the contract, if it was an advantageous one to the plaintiff, the contract is silent.

. REVERSED.