## SIGLER v. WICK.

1. **Contract:** VENDOR AND VENDEE: FORFEITURE. Where a contract for the sale of land provided that "if the party of the second part fails to make payment at the time stipulated, or fails to pay the taxes when the same are due, the lots above described shall be considered forfeited," *held*, that the forfeiture was to be at the option of the vendor, and that the mere payment of taxes for his own protection did not imply that he elected to consider the lots forfeited and the contract void.

*Appeal from Clarke District Court.*

FRIDAY, APRIL 20.

ON the 18th day of May, 1874, the parties hereto entered into a written contract in the following words:

"This agreement, between H. C. Sigler, of Osceola, Clarke county, Iowa, of the first part, and W. W. Wick, of the second part:

"*Witnesseth*, That the party of the first part has this day bargained to the party of the second part, lots No. (8 and 9) eight and nine in block No. seven (7), in town of Murray, as designated by the recorded plat of said town, for the sum of $200.00. Now if the party of the second part shall, on or before the first day of April, 1875, pay to the party of the first part the sum of fifty dollars, and on or before July 1st, 1875, seventy-five dollars, and on or before January, 1876, seventy-five dollars, with interest at the rate of ten per cent per annum from date, and shall pay off all the taxes assessed on said lots after this date, the party of the first part shall execute to the party of the second part, his heirs and assigns, a warranty deed for the lots aforesaid; but it is expressly understood and agreed by all parties hereto, that if the party of the second part fails to make payment at the time stipulated, or fails to pay the taxes when the same are due, the lots above described shall be considered forfeited, and the party of the first part shall have the right to enter upon the possession of the same, and shall be held under no obligation whatever to the party of the second part."

The petition in this case was filed in May, 1876, in which it is alleged that no part of the purchase money has been paid; that plaintiff paid the taxes upon said lots for 1874; that he has never at any time taken possession of said property; that he has never treated said property as forfeited, but has at all times relied upon the money demand stated in the contract, and that he only paid the said taxes to protect his interest. The prayer of the petition asked a judgment and decree of foreclosure of the contract. To this petition there was a demurrer, the substance of which is that it appears upon the face of the petition that a failure to make payment at the time stipulated, or to pay taxes, operates as a forfeiture of the contract and exonerates the defendant from liability. The demurrer was sustained, exceptions taken, and judgment rendered against plaintiff for costs, and he appeals.

*Stuart Brothers*, for appellant.

*Likes & Smith*, for appellee.

ROTHROCK, J.—The question here presented cannot well be determined upon the authority of adjudicated cases, because it rarely occurs that contracts of this character are precisely similar in terms. The contract is unlike that construed in *Bradford v. Limpus*, 10 Iowa, 35. In that case the contract provided that if the purchaser should fail to pay the first deferred payment the vendor should take possession of the land and repay to the purchaser $1200 of the $1700 which was paid in hand. In effect it provided that in case no further payments should be made the contract was to be rescinded, and the purchaser to forfeit $500 of what he had paid. In this case the contract provides as follows: "It is expressly understood and agreed by all parties hereto, that if the party of the second part fails to make payment at the time stipulated, or fails to pay the taxes when the same are due, the lots above described shall be considered forfeited." We do not think the expression that it is "agreed by all parties" adds any force, or in any way changes the meaning of the contract. The meaning would be the same

1. CONTRACT: vendor and vendee: forfeiture.

if these words were omitted. The provision that the lots shall be considered forfeited for default in payment, we think, means only that such forfeiture shall be at the option of the plaintiff. This view is strengthened by the subsequent provision that upon such failure of payment the plaintiff shall have the right to enter upon the possession of the lots. We think this possession or some other unequivocal act should appear before the defendant can be absolved from liability upon the contract. The mere payment of taxes, for his own protection, is not taking possession by the vendor.

The general rule is that a stipulation that a contract for the sale of land shall become void upon non-payment is for the benefit of the vendor. 1 Smith's Leading Cases, 88. The cantract in this case is more nearly like that construed in *Barrett v. Dean*, 21 Iowa, 423, than any to which our attention has been called by counsel. In that case it was held that the provision as to forfeiture was for the benefit of the vendor and not the purchaser. The contract provided that for failure to make payment the agreement should be from " thenceforth utterly void." In this case the language is that for a like failure the lots shall be considered forfeited. We think the reasoning of the opinion in that case well applies to the contract in the case at bar.

It is urged that there was no binding obligation upon the defendant to pay the purchase money. We think that the first clause of the contract contains such obligation. It is there recited that the party of the first part bargained the lots to the party of the second part for the sum of $200. Then follows the designation of terms and amounts of the respective payments. In our opinion the demurrer to the petition should have been overruled.

REVERSED.