104  735
109  697

JOHN J. MAHONEY, *et al.*, Appellants, v. F. M. McCREA.

**Sales:** FORFEITURE: . *Election.* Where a contract for sale of real estate provided, that if the purchaser should fail to make any payments when due, he should forfeit all right to the property, and also any money paid by him, unless the vendor should elect otherwise, it was the vendor's duty to give the vendee notice, within a reasonable time after default, that he elected not to treat the contract as forfeited; and his failure so to do, worked a forfeiture, and barred him recovering the price.

SAME. Where a contract for sale of real estate provides that on the purchaser's failure to make payments when due, he shall forfeit all right to the property and to "any money paid by him," and the forfeiture occurs, a subsequent acceptance of part of the amount due, while it was a waiver of the forfeiture, gave the vendor no right to recover the balance due and unpaid at the time of such acceptance, after a forfeiture had again occurred by reason of a subsequent default.

*Appeal from Wapello District Court.*—HON. ROBERT SLOAN, Judge.

WEDNESDAY, APRIL 6, 1898.

THE following statements of the issues and facts made by appellants' counsel are conceded to be substantially correct, and are sufficiently so for the purposes of the questions to be considered: "This action was commenced in the district court of Wapello county to recover on five promissory notes, each dated January 24, 1887, one for one hundred and fifty dollars, due two years after date, one for one hundred and fifty dollars, due three years after date, and three for one hundred and thirty-one dollars and twenty-five cents each, due,

respectively, one, two, and three years after date.
Each note drew interest at the rate of eight per-cent.
per annum, payable annually. The answer admitted
the making of the notes sued on, but set up as a defense
that these five notes were part of a series of six notes
given by the defendant for a part of the purchase price
of two lots in an addition to the city of South Omaha,
Nebraska; that at the time of making these notes two
land contracts were signed between the parties, and
that, among other things, the contracts provided that,
if the defendant should fail to make any payments
when due, he should forfeit all right to the real estate,
and also any money paid by him, unless the plaintiffs
should elect otherwise; that he did fail to make pay-
ments as they became due; that the plaintiffs did not
elect not to forfeit the contracts; and that thereby he
became released of liability on the notes. The plain-
tiffs, in their reply to the answer, admit the making of
land contracts, deny that they elected to forfeit the
defendant's right to the land, and deny that they did
not elect to require payment of the notes. The proof
showed that on the twenty-fourth of January, 1887,
plaintiffs sold the defendant two lots in Mahoney &
Minnahan's addition to South Omaha,—one for six hun-
dred dollars, and one for five hundred and twenty-five
dollars,—on each of which the defendant at the time
paid one-fourth of the purchase price; that the defend-
ant at the same time gave to the plaintiffs the three
notes for one hundred and thirty-one dollars and
twenty-five cents sued on in this action, and the three
notes for one hundred and fifty dollars each, two of
which are included in this suit. The land contracts
contain, among other things, these provisions: 'In case
the said party of the second part shall fail, refuse or
neglect to pay such purchase money, interest, and taxes,
as herein agreed, he shall forfeit any rights he may have
to said real estate, and also shall forfeit any money

paid by him to purchase the same, which shall be retained and applied in payment and satisfaction of rent for the use and occupation of said real estate, unless the said parties of the first part shall elect otherwise.' 'The said party of the second part shall be entitled to the possession of said real estate so long as he shall comply with the foregoing terms of agreement, but upon a failure to comply with same his right to possession shall terminate, and he shall surrender the possession of said real estate, and improvements thereon, if any, to said parties of the first part.' By the terms of the contracts and notes, there fell due on the twenty-fourth of January, 1888, one note of one hundred and fifty dollars, and interest on three notes of one hundred and fifty dollars each, amounting to thirty-six dollars; also, one note of one hundred and thirty-one dollars and twenty-five cents, and interest on three notes of one hundred and thirty-one dollars and twenty-five cents each, amounting to thirty-one dollars and fifty cents. None of this money was paid on the twenty-fourth of January, 1888, but on the twelfth of July, 1888, the defendant paid two hundred and thirty-nine dollars and fifty cents. The payment, as shown by the surrender of the first one hundred and fifty dollar note, and indorsements made upon some of the notes in suit, seems to have been applied,—first, in the taking up of the one hundred and fifty dollar note which matured on the twenty-fourth of January, 1888; second, in paying the interest on the other two one hundred and fifty dollar notes up to January 24, 1888; and, third, in an endorsement of forty-eight dollars and fifty cents on the note for one hundred and thirty-one dollars and twenty-five cents, which matured on the twenty-fourth of January, 1888. When the twenty-fourth of January, 1889, was reached, nothing was paid; but afterwards, on the twenty-fourth of June, 1889, the defendant paid one hundred and fifty dollars, which does not appear to

have been specifically applied on any particular note or interest. Subsequent to June 24, 1889, no payments whatever were made. There was testimony put in by plaintiffs tending to show that after the twenty-fourth of June, 1889, they made repeated demands for payments. This was denied by the defendant, and thus was made the issue of fact, which, under the ruling of the court below, was submitted to the jury. By means of instructions 2, 3, 4, 5, and 6, the court charged the jury that, when defendant made default in payments, it became the duty of the plaintiffs, within a reasonable time, to elect that they would not claim a forfeiture of the land, and if they failed to so elect, and to notify the defendant of their election, they could not recover on the notes. By instruction 7, the court charged that the acceptance of payments after they were due would not be a waiver of forfeiture on account of any failure on the part of the defendant to pay installments thereafter accruing. Under these instructions the jury returned a general verdict for the defendant, and judgment was rendered upon that verdict." Plaintiffs appeal.—*Affirmed.*

*Work & Lewis* and *R. W. Boyd* for appellants.

*McNett & Tisdale* for appellee.

GIVEN, J.—I. The court instructed that a failure to pay any installment of the purchase money evidenced by these notes would operate as a forfeiture of all the defendant's interest in the real estate, and the money paid by him to purchase the same, unless the plaintiffs elected otherwise; that it was the duty of the plaintiffs to elect not to treat the contract as forfeited, within a reasonable time after the default was made in payment, and to notify the defendant thereof; and that unless the plaintiffs did so notify him within a reasonable time the

defendant had the right to assume that the plaintiffs claimed a forfeiture; and that under such circumstances the plaintiffs would have no right to enforce collection of the notes. The only question submitted to the jury was whether or not the plaintiffs, within a reasonable time after the defendant made default in payments of said notes, elected not to treat the contract as forfeited, and notified the defendant thereof. Appellants contend that this is an erroneous construction of those parts of the written contract set out above, providing for forfeiture. They contend, on the authority of *Barrett v. Dean*, 21 Iowa, 423, and *Sigler v. Wick*, 45 Iowa, 690, that the defendant could not work a forfeiture by defaulting in payments; that the right of forfeiture is for the benefit of the plaintiffs, and at their election; and that no forfeiture could exist until so elected by them. In *Barrett v. Dean*, the contract provided that a failure to make payments when due should render the agreement utterly void, and all payments made thereon forfeited. It also provided that the purchaser should hold possession subject to removal if he failed to perform any condition or covenant of the contract. It was held that, taking the whole contract together, it was intended that Barrett's agreement to convey should not be binding upon him, and Dean should forfeit all money paid if he did not fully comply with his contract, and that this provision was intended for Barrett's benefit, not Dean's. In *Sigler v. Wick*, the contract provided that, if the purchaser should fail to make payments when due, the land should be considered forfeited, and the vendor should have the right to enter upon the possession of the same, and should be held under no obligation to the vendee. It was held that the forfeiture should be at the option of the vendor. It is said, "The general rule is that a stipulation that the contract for the sale of the land shall become void upon non-payment is for

the benefit of the vendor." A noticeable difference
between those contracts and the ones under considera-
tion is that in these the forfeiture is expressly made to
follow a failure to pay, "unless the said parties of the
first part shall elect otherwise." Here we have an
affirmative duty imposed upon appellants,—to elect
in case of default in payment, whether or not that
default shall work a forfeiture. In this respect these
contracts are unusual, but it is conceded that in con-
struing them we should give effect to the intention of
the parties. We think it was clearly the intention of
the parties that in case of default of payment the appel-
lants should elect within a reasonable time whether
they would insist upon forfeiture or performance, and
notify the defendant thereof. The instructions are in
harmony with this view of the contract. See *Steel v.
Long*, 104 Iowa, 39.

II.   The court instructed that acceptance of pay-
ment after the same was due would not be a waiver of
the right to forfeit by reason of a default in any install-
ment falling due after such acceptance. The cor-
rectness of this instruction is not questioned,
but appellants insist that, at the time forfeiture
was waived by receiving payment, there were three
hundred and seventeen dollars and nineteen cents due
more than was paid, and that, notwithstanding for-
feiture resulted from subsequent defaults in payment,
they are entitled to recover the said sum of three hun-
dred and seventeen dollars and nineteen cents, with
interest. Turning to the contracts, we see that it is
"any money paid by him" that the defendant forfeited,
and not money which, in the absence of forfeiture he
might be liable to pay. Our conclusion is that the
judgment of the district court should be AFFIRMED.