WILLIAM CROSS, Appellant, v. HENRY SNAKENBERG, Treas-
urer, etc., Appellee.

**Taxation:** CREDITS. The deferred payments due on a mutually
obligatory contract for the sale of land are taxable as a credit
under Code, section 1308.

*Appeal from Keokuk District Court.*— HON. W. G. CLEM-
ENTS, Judge.

TUESDAY, FEBRUARY 14, 1905.

THIS is an appeal from the action of the defendant, as
county treasurer of Keokuk county, in making an assessment
against plaintiff, a resident of said county, as upon moneys
and credits omitted from assessment and taxation for the
year 1901. The court below sustained the assessment, and
plaintiff appeals.— *Affirmed.*

*Brown & Willcockson,* for appellant.

*Voris & Haas,* for appellee.

BISHOP, J.— In April, 1900, the appellee, Cross, en-
tered into a contract in writing with one Hartzel for the sale
of certain real estate owned by him and situated in Keokuk
county. As far as material to an understanding of the mat-

ter of controversy now before us, the provisions of said contract were that Cross bound himself in a penal sum named, the condition being that, if Hartzell should pay $1,000 January 1, 1902, and $1,000 January 1, 1903, according to the tenor of two promissory notes bearing date even with the contract, and further should on the date last mentioned execute notes and mortgage securing the same in the additional sum of $6,000, to be paid in four annual payments, he (said Cross) would then convey the real estate described.    Further on the contract provides that " the forfeiture above named ($1,000) is to be binding equally on both for a failure to comply fully with this contract.    Second party to have possession of the premises March 1, 1901, and pay 6 per cent. interest on the full $8,000 from date named.    *    *    *    also all taxes assessed on said premises from the date hereof." It is further provided that the stipulations of the contract are to bind the heirs, legal representatives, and assigns of both parties, and in the event of nonpayment the first party might elect to declare the contract at an end, in which event the second party should be regarded as a tenant at will, etc. The contract is signed by Cross alone, but it is agreed that the same was delivered to Hartzell, and by him made a matter of record.    Hartzell executed and delivered the two notes for $1,000 each, and the same were shortly thereafter, and during the year 1900, negotiated by Cross.    Hartzell paid the taxes of 1901 on the real estate in question.    In 1902 the contract was completed by the payment by Hartzell of the remaining $6,000 of the purchase price and the conveyance to him of the land by Cross.

The assessment complained of was based on the $6,000 payment provided for in said contract, and this upon the theory that the same constituted a credit within the meaning of section 1308 of the Code.    That section contains a general designation of taxable property and included therein are " credits,    *    *    *    property or labor due from solvent debtors on contract or judgment, mortgages or other like se-

curities, accounts bearing interest," etc. In the succeeding section " credits " are defined as including " money secured by deed, title bond, mortgage or otherwise." The contention of appellant is based wholly upon the provisions of the written contract, and it is pointed out that said contract was not signed by Hartzell, and that it contains no agreement in form of words on his part to make the $6,000 payment. The argument is that, accordingly the writing must be construed as a mere option to purchase on the part of Hartzell, and without any agreement on his part to make the payment: that, as there was no enforceable contract in favor of appellant there was no " credit " subject to taxation. We think the argument thus made is fully answered by what was said in *Flanders v. Merrill,* 38 Iowa, 583. There a contract similar in its terms to the one we have before us, and delivered as in this case, was construed to be binding upon both parties. " The true question in all cases is as to the intention of the parties. If from the writing it is clear and plain beyond doubt that a unilateral contract was intended to be made, then it will be so held. If, on the other hand, it is not clear and beyond doubt that such was the intention of the parties, * * * it will be presumed that in making their contract they intended it to be mutually obligatory." See, also, *Dows v. Morse,* 62 Iowa, 231; *Muscatine W. Co. v. Muscatine L. Co.,* 85 Iowa, 112; 7 Am. & Eng. Enc. (2d Ed.) 142. We conclude, as did the court below, that appellant was possessed of a credit arising out of the contract such as that the assessment made thereon for the purposes of taxation was proper.— *Affirmed.*