TEDA M. EARLE, Appellant, v. JOHN C. REHMANN et al., Appellees.

No. 41463.

JUNE 24, 1932.

Nourse & Nourse, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellees.

DE GRAFF, J.—The rights of the parties to this appeal depend upon the construction to be placed on the warranty deed in question: that is, whether the deed contained a covenant or a condition subsequent.

On the pleadings it is shown, and the demurrer admits, that on the 25th day of February 1920 the plaintiff sold Lot 32 of Polk & Hubbell's Addition to Des Moines to John W. Gregory and Rhoda A. Gregory, and conveyed the said property to them by warranty deed, wherein the Gregorys, as part of the con-

sideration, assumed and agreed to pay a mortgage of $5500 with interest, certain special assessments against said property. The Gregorys in said deed further agreed to pay all taxes as they fell due; to keep the premises insured in the sum of $10,000, payable to plaintiff as her interest might appear; and to pay the plaintiff the sum of $100 a month on the first day of each month so long as she, the plaintiff, Teda M. Earle, may live. The deed further provides that in case the Gregorys—grantees, fail to make said monthly payments within a period of thirty (30) days after the same shall become due, or fail to discharge any other obligation therein assumed, "then this deed shall be void and the title immediately revest in Teda M. Earle (grantor) without further act or declaration on her part."

On October 9, 1921, the Gregorys, by deed, sold and conveyed the above real estate for a valuable consideration to the defendants herein. These defendants (appellees herein) in said deed also assumed all obligations of the Gregorys to the plaintiff and further agreed to keep the property insured as formerly agreed, to pay all taxes as they fell due, and to pay the plaintiff the "sum of $100 a month on the first of each month, commencing with November 1, 1921, so long as Teda M. Earle shall live."

This deed further provides that a lien is thereby created on the conveyed premises for the full and faithful discharge of said duties and obligations, and in the event the defendants (appellees) "fail to make said monthly payments within the period of 30 days after the same become due or fail to discharge any further obligations herein assumed, then this deed shall be void and the title immediately revest in the said grantors without further act or declaration on their part."

The record further discloses that on February 25, 1924, the $5500 mortgage matured. The instant defendants were unable to pay same and at their request a further written agreement was entered into with plaintiff, wherein the defendants admitted that the mortgage debt was theirs, and promised that if plaintiff would join with them in executing a new mortgage or a renewal of the old, it should not impair plaintiff's rights and that the defendants would pay monthly to plaintiff the installment of $100 on the first day of each month so long as she (Teda) should live.

On the 21st day of March 1925 the defendants sold and conveyed the property to Henry Teget and Elizabeth Teget, husband and wife, and delivered possession thereof to said Tegets.

The defendants defaulted in the payment of monthly installments due the plaintiff beginning September 1, 1928, and ending with April 1, 1929, and plaintiff, after due demand, on April 22, 1929, commenced in the District Court of Iowa in and for Polk County an action against the defendants to recover said installments. Original notice was served and the defendants thereafter paid plaintiff and the suit was thereupon dismissed without prejudice.

It further appears that the defendants defaulted in the payments of monthly installments for the months of June to October, 1929, inclusive, and on October 15, 1929, plaintiff, after due demand, commenced in the same court another action against the defendants to recover the defaulted installments. Notice of suit was again served upon defendants and thereafter they paid the plaintiff the unpaid installments and the suit was dismissed without prejudice. Again the defendants defaulted in the payment of monthly installments for May to August, 1930, inclusive, and after due demand plaintiff again commenced action in the same county against the defendants. Original notice was served and the defendants paid up the delinquencies and plaintiff's suit was dismissed without prejudice.

Later, defaults for the months of May to October, 1931, inclusive, were made by defendants amounting to $600 and the plaintiff commenced the instant action. To this petition defendants filed a demurrer which was sustained by the court. The plaintiff having elected to stand on her petition, suffered judgment, and appealed to this court.

Teda M. Earle was the original title holder of the parcel of real estate involved herein, and her deed to the Gregorys, who subsequently conveyed to the defendant-appellees, contained the following language:

"In case said grantees fail to make said monthly payments within the period of Thirty (30) Days after the same become due, or fail to discharge any further obligation herein assumed, then this deed shall be void and the title immediately reinvest

in the said John W. Gregory and Teda M. Earle without further act or declaration on their part.''

. It may be observed at the outset that the law makes a distinction between a covenant in a deed or contract for default in payment of an annuity and a condition subsequent therein. The appellate courts have been confronted many times with the distinction between a covenant and a condition subsequent. It is said in Minard v. Delaware L. & W. R. Co., 139 Fed. 60:

''Terms which, taken by themselves, import a condition, are frequently construed to be covenants, while terms which, taken by themselves, import covenants, are frequently construed to be conditions; or stated in a different way, the intent of the parties is gathered from the construction of the whole instrument, regardless of the technical meaning of the terms used. If it be doubtful whether a clause in a deed be a covenant or a condition, courts of law always incline against the latter construction, if they can reasonably do so, in order to avoid forfeiture. * * * Undoubtedly, a forcible argument could be made in the affirmative; but we think that a correct construction of the point under consideration can be more safely reached by having regard chiefly to the clause of reverter set forth in the deed. In nearly all of the cases which we have examined this clause, where it has been found, has exercised an apparently controlling influence in deciding whether specific expressions in a deed were intended to be covenants.or conditions.''

As pointed out in the Minard case, supra, courts will look to the whole instrument to ascertain what was intended, and in doubtful cases have often construed the provisions as covenants rather than conditions subsequent. The reason is apparent. The law abhors forfeitures, and if a deed is equally subject to either construction,—that is, covenant or condition subsequent,—that construction which will avoid a forfeiture will be favored.

This court, speaking through the eminent Justice Dillon, in Barrett v. Dean, 21 Iowa 423, 1. c. 426, said:

''We will not deny that parties may make binding unilateral contracts of this character. But to give a contract such a construction, it should be plain and clear beyond question from the terms used that such was the intention of the parties.''

This court in the opinion of Barrett v. Dean, supra, decided that the remedy of the grantor in case of grantee's default was not only that the grantor could repossess the premises, but that the right of forfeiture was for the benefit of the grantor and at the grantor's option. It is said therein:

"This construction, it will be seen, makes the contract a species of *felo de se*. It puts everything into the hands of the defendant. If the property advances in value during the five years, the defendant will pay, will claim the contract to be binding upon the plaintiff and will hold him to it. If it depreciates, he claims that he is armed with a weapon to cut the throat of the contract and thereby, whether the plaintiff be willing or unwilling, to release himself from all further liability."

The same thought is conveyed in Sigler v. Wick, 45 Iowa 690, which involved an action upon a written contract for the sale of real estate. The court in deciding the case in favor of the vendor (page 692) said:

"The general rule is that a stipulation that a contract for the sale of land shall become void upon non-payment, is for the benefit of the vendor."

See, also, Steel v. Long, 104 Iowa 39; Reiger v. Turley, 151 Iowa 491.

Under the pleaded facts, the defendant-appellees are not privileged to say to the appellant, "It is your only remedy," or in words of the demurrer, "It is your exclusive remedy." Even if the appellees had the right to surrender the real estate in question against the protest of the appellant, they incapacitated themselves from so doing. They had already conveyed the real estate to the Tegets and surrendered possession to them.

We conclude, therefore, that the trial court was in error in sustaining the appellees' (defendants') demurrer and dismissing the plaintiff's petition at her costs.—Reversed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.