65 316
85a 464

# HARRIET A. TYLER *et al.*

*v.*

## CAROLINE DANIEL *et al.*

1. RESULTING TRUST—*sufficiency of bill for.* The heirs at law of a deceased person exhibited their bill in equity, against the widow and others, to establish and enforce a resulting trust in their favor in respect to certain land, showing that, after the payment of all claims against the estate, there was left in the hands of the widow the sum of over $500, there being no administration had, and that a part of this sum was invested in the lands sought to be recovered. The bill also charged that the knowledge of their interest in the land came to complainants within the year preceding the filing of the bill. The court below dismissed the bill on demurrer on two causes: first, that it showed no equitable grounds of relief; and secondly, on the ground of *laches* in the complainants: *Held*, that the court erred in dismissing the bill, as it showed a case *prima facie* entitling the complainants to the relief sought, and that the delay in bringing suit was not unreasonable.

2. Where no administration was had of an estate, and the widow received $500 after paying all claims, and invested a portion of that sum in lands, on demurrer to a bill by the heirs of the deceased to declare and enforce a resulting trust in their favor as to the lands, it was contended that, as widow, she was entitled to the sum named, for her specific allowance under the statute: *Held*, that if the widow was so entitled, it was a matter of defense, to be shown by answer to the bill, as the amount thus due her could be made to appear only from evidence.

3. In the same case it was urged, on appeal, that as the widow maintained the children of the deceased, the sum expended by her for each child would more than equal the amount charged as coming to her hands from the estate: *Held*, that as it was alleged that the investment was made soon after the death of the husband, when there could be but little due for the maintenance of the children, then if the land was bought with funds belonging to them, the trust attached, and could not be affected by any subsequent claim for supporting them, and the heirs' interest could not be divested except by an order of court: *Held, also*, that such defense, if available, could only be presented by answer to the bill, and not by demurrer to the bill.

4. CHANCERY — *laches.* Where it appears that suit is brought to enforce an equitable right within one year after a knowledge of the facts upon which relief is sought, no *laches* will be attributable to the complainants, as such delay is not unreasonable.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ISRAEL HOLMES, for the appellants.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to establish and enforce a resulting trust in certain lands in favor of appellants, who are heirs at law of Aaron Haskins, deceased.

It is alleged in the bill that, after the payment of all claims against the estate, there was left the sum of over $500, which was immediately taken possession of by appellee Caroline, who was the widow of the decedent, and, without any administration, appropriated to her own use. A portion of these funds was invested in the lands in controversy, which fact is admitted by the demurrer.

The court sustained a demurrer to the bill, for two causes: first, the bill presents no equitable grounds for relief, and second, appellants, by their own showing, have been guilty of *laches.*

It is assumed that the widow was entitled, under the statute, as her specific allowance, to retain to her own use the sum of money charged in the bill as having been received by her from the estate of her husband. This position can hardly be maintained. The statute has appropriated no specific sum of money to the widow, and the court can not know, of its own knowledge, how much she will be entitled to receive in every particular case. She can claim certain articles of personal property, and, in case they are wanting in the estate, she may receive the value in money, or she may elect to take money in lieu of the specific articles allowed by statute. Hence, it is obvious the amount that the widow will be entitled to receive may vary in almost every case. It will depend very much upon the value which the appraisers fix upon the property,

in case the widow elects to take its value in money, and somewhat, in the provision that shall be made for her and the family, upon the standing the parties occupy in life.

If appellee was entitled to hold the money alleged to have come to her hands belonging to the estate, in lieu of her specific allowance under the statute, it is a matter of defense, and must be made by answer. It can only be known from evidence what amount she would be entitled to receive in this particular case.

The other point relied on, that the widow followed the usual course of nature, and maintained the children when minors, and, in doing so, expended for each more than the amount claimed to be due, and on that ground she could retain to her use the funds of the estate, can not be sustained.

In the first place, it is alleged the funds of the estate were invested in the real estate in controversy by appellee soon after the death of her husband, when there could be but little due for the maintenance of the children, certainly nothing like the amount stated in the bill, which, it is charged, came to her hands.

If the funds belonging to appellants had in fact been invested in the lands, and their rights once attached, their interest could not be affected by any subsequent claim of appellee for their support, nor divested except by an order of court.

But there is still another substantial objection. It is a matter of proof whether appellee provided for the support of appellants during their minority, and, if so, what was it worth? This fact did not appear on the hearing of the demurrer to the bill; and if appellee can avail of such a defense, it is clearly by way of answer, which must be maintained by the requisite proof.

No *laches* can be imputed to appellants. It is charged that the knowledge of their interests in the lands came to them within the year preceding the filing of the bill. This fact being admitted, there was no unreasonable delay in the

assertion of their rights. *Kane County et al.* v. *Herrington et al.* 50 Ill. 232.

On the hypothesis that the facts stated in the bill are true, they constitute a *prima facie* case, at least, which would entitle appellants to relief. *Seaman et ux.* v. *Cook*, 14 Ill. 501; *Kane County et al.* v. *Herrington et al. supra;* 2 Story Eq. Jur. sec. 1258.

The bill was sufficient to require an answer, and it was error in the court to sustain the demurrer.

The decree is reversed and the cause remanded, with leave to such of appellees as have not already done so, to answer.

*Decree reversed.*