## NEWANS v. NEWANS *et al.*

1. **Estates of Decedents**: ALLOWANCE FOR SUPPORT OF WIDOW: HOW RAISED. Under section 2375 of the Code, providing that "the court shall, if necessary, set off to the widow, and children under fifteen years of age, of the decedent, or to either, sufficient of his property, of such kind as it shall deem appropriate, to support them for twelve months from the date of his death," *held* that, if the personal property is not sufficient to cover a proper allowance, real estate may be sold for the purpose. (Compare *Estate of McReynolds*, 61 Iowa, 585.)

2. ———: ———: WHEN JUSTIFIED. The fact that the widow in this case had no children, and had some property in her own right, but derived but little revenue therefrom, and by no means sufficient for her support, would not justify this court in setting aside an allowance made by the court below.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FILED, JANUARY 22, 1890.

APPLICATION by the widow of Henry Newans for an appropriation from the estate of decedent for her support for the term of one year. An order was made directing the executor of said estate to pay to plaintiff the sum of three hundred and twenty-five dollars for the purpose stated. Defendants appeal.

*G. W. Burnham,* for appellants.

*Gilchrist & Whipple,* for appellee.

ROBINSON, J.—The estate of decedent consists of personal property worth not more than five hundred dollars, and an eighty-acre tract of land of the value of two thousand dollars. The debts of the estate amount to about six hundred dollars. Of the personal property, all but one horse and one cow are exempt, and will be

Newans v. Newans.

set apart to plaintiff as her property, by virtue of section 2371 of the Code. The amount of personal property in the hands of the executors will not be sufficient to pay the allowance made.

I. Section 2375 of the Code is as follows: "The court shall, if necessary, set off to the widow, and

1. ESTATES of decedents: allowance for support of widow: how raised.

children under fifteen years of age, of the decedent, or to either, sufficient of his property, of such kind as it shall deem appropriate, to support them for twelve months from the time of his death." Appellants insist that the court erred in making an allowance out of the estate of said decedent, "for the reason that it had the effect to create a debt which the executors must pay out of the proceeds of the sale of the real estate." They further claim that the statute requires that the property to be set off for the support of the widow shall be personal property, and of such kind as shall be "deemed appropriate" for that purpose; that, since there was little or no personal property of the estate available for that purpose, there was no authority for the order made. The questions thus raised were decided adversely to appellants in *Estate of McReynolds*, 61 Iowa, 585. The primary purpose of the statute is to provide for the support of the widow of a decedent, and his children under fifteen years of age, for the period of twelve months from the time of his death. The amount required for such support is in the nature of a charge against the estate, to be discharged by the setting apart of personal property, if there be enough which is deemed appropriate; but, if there is not, then by sale of property. If the personal property is inadequate for the purpose, there is no substantial reason for not selling real estate to raise the necessary amount. It is said that, in making an appropriation, the court cannot take into consideration the real estate, because it belongs to the heirs, and not to the executors; but the interest of the heirs is subject to the payment of all valid claims against the estate. The right of the widow and children to the

allowance contemplated by the statute is of a higher character than that of the heirs.

II.   It is claimed that the court erred in making an allowance to the plaintiff, for the reason that it was not shown that she needed one.   It is true she has property in her own right not derived from decedent, and that she has no children to support.   But it is shown that the amount of her property is not large; that her income from it is small; and that, by reason of old age and disease, her expenses for the year in question will necessarily be larger than her income.   We do not think she should be compelled to dispose of her property, and thereby destroy her means of support for the future, in order to meet her expenses for the year in question, and thus save an appropriation by the court.   We are not authorized, under the evidence, to disturb the finding of the district court as to the necessity for and the amount of the allowance.                                        AFFIRMED.

*2. ——: ——: when justified.*