## Annie M. Graham v. Michael J. Graham, Edward S. Graham, John I. Graham and Graham Bros. Mfg. Co.

1. CHANCERY PRACTICE—*General Demurrer Erroneously Sustained.* —Where a person is a proper but not a necessary party under the allegations of the bill, it is error to sustain a general demurrer to the bill for that reason.

2. TRUSTS—*Resulting Trusts.*—Where a person, having a fiduciary character, purchases property with the fiduciary funds in his hands and takes the title in his own name, a trust in the property will result to the *cestui que trust*, or other person entitled to the beneficiary interest in such fund.

3. SAME—*Purchase by Executors or Administrators.*—If an executor or administrator purchase property in his own name with money belonging to the estate, a trust in the property will result to the heirs, legatees or other persons entitled to the beneficial interest in the estate.

4. SAME—*Investment of Trust Funds—Breaches of Trusts.*—The investment of a trust fund when invested and claimed as the individual property of the trustee or agent, is to be treated as a breach of trust; and the *cestui que trust* can either follow the fund and claim that in which it has been invested, or hold the trustee or agent personally responsible.

5. SAME—*Trust Property May Be Followed.*—The trust property may be followed in equity by the *cestui que trust* into whosesoever hands it may come with notice of the trust.

**Bill for Accounting.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding.    Heard in this court at the March term, 1899.    Reversed and remanded with directions.    Opinion filed November 2, 1899.

YOUNG, MAKEEL, BRADLEY & FRANK, attorneys for appellant.

ROBLIN, HASTINGS & SICKLESTEEL, attorneys for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant filed her bill in the Circuit Court of Cook County for an accounting as to certain trust estate which it is alleged came into the hands of appellees, and of which she was the beneficiary, and asking a decree declaring that it was held by the appellee Graham Bros. Mfg. Co. in trust for her, or in case it should be found that she was not entitled to that relief, then that appellees be each ordered to pay her the principal of the trust estate with interest, and that the court decree to her a first lien on the assets of the appellee corporation therefor.    The chancellor sustained a general demurrer to the bill and dismissed it for want of equity at her costs, from which decree this appeal is taken.

The bill shows that Thomas O'Neil, appellant's father, died leaving his will, which was probated May 13, 1892, and letters testamentary thereon were issued to one Richard Coyne and the appellee John I. Graham, being two of the three executors and trustees named in the will, the third failing to qualify; that said Graham, the other executor consenting thereto, took the exclusive control, management and custody of the decedent's estate, a certain portion of the increase of which by the will was devised to appellant, with remainder over to certain of testator's children, in equal shares, including appellant, upon the death of his widow; that appellant's share in the estate was $1,720.88, which came to said John I. Graham's hands from time to time in the years 1895 and 1896 up to May 2, 1896; that said John I. Graham, at the instigation of appellee

Michael J. Graham, from time to time during 1895 and the early part of 1896, took from the funds of said trust estate large amounts of money (specifying the same) and invested it in the business of manufacturing and sale of gas and electric light fixtures and machinery, carried on by them under the name of Graham Bros.; that afterward appellee Edward S. Graham, knowing that said trust estate was invested in the business of Graham Bros., purchased a one-third interest in the firm, and the three thereafter carried on the business until December 22, 1897, when the appellee corporation, Graham Bros. Mfg. Co. was organized, the said three Grahams being the incorporators and taking all the stock of $12,000 in equal shares; that the property and business of the firm of Graham Bros. was transferred to the corporation and was treated as equivalent in value to the capital stock of the corporation; that appellees Michael J. Graham and Edward S. Graham, having two-thirds of the capital stock of the corporation, though they contributed nothing to the capital of the firm or corporation, are in control and possession of its business and assets to the practical exclusion of John I. Graham; that John I. Graham and Richard Coyne, as executors of said estate of Thomas O'Neil, on April 13, 1896, made their account, which was settled by order of the Probate Court on June 2, 1896, and shows then in their hands as executors $9,313.03, which was, by order of the Probate Court, allowed to stand in their hands as trustees under said will; that on May 1, 1896, a further sum of $1,125 belonging to said trust estate came to the hands of John I. Graham as trustee; that the firm of Graham Bros. refunded to John I. Graham all of said trust estate invested in said business except $1,965.45, which is now invested in the business and assets of said corporation; that John I. Graham has settled with and paid all the other beneficiaries under said will but appellant, to whom he has paid nothing.

It is said in argument for appellant that the learned chancellor sustained the demurrer for two reasons : First, because John I. Graham did not hold the fund as trustee, but as

executor; and, second, because Richard Coyne was not made a party to the bill.

Appellee's counsel in their brief do not consider the second point, and we therefore presume that they deem it insufficient to sustain the decree dismissing the bill.    Technically Coyne was a proper, though we think not a necessary party, under the allegations of the bill, from which it appears that none of the trust estate actually came to his hands.    No relief being asked as against him, we are of opinion a general demurrer to the bill should not have been sustained to it for that reason.    If the chancellor thought he was a necessary party he should have ordered that he be made such and brought in by process.

We are of opinion that the first reason assigned for supporting the decree is not tenable.    We think it clearly apparent from the bill that there was a trust created by the will of Thomas O'Neil, of which appellant was one of the beneficiaries; that John I. Graham, one of the trustees, who had the exclusive control and custody of the trust estate, invested it in the firm business of Graham Bros., which was afterward changed to the corporation, and that the latter still has appellant's share of the trust estate invested in its business, to the knowledge, if not at the instigation or connivance, of all its officers and stockholders. These facts present a case for the interposition of a court of chancery, and it is immaterial whether Graham held the fund as executor or as trustee.    The relation, whether one or the other, is a trust relation, and is a peculiar subject of equity cognizance.    Besides, the Probate Court ordered that the fund stand in his hands as trustee under the will, except $1,125, which he received after the settlement of his account with the Probate Court.

In Perry on Trusts the learned author says (Sec. 127):

"If a person having a fiduciary character purchase property with the fiduciary funds in his hands, and take the title in his own name, a trust in the property will result to the *cestui que trust*, or other person entitled to the beneficiary interest in the fund with which the property was paid for."

\* \* \*. "If an executor or administrator purchase property in his own name with money belonging to the estate, a trust in the property will result to the heirs, legatees or other persons entitled to the beneficial interest in the estate."

To same effect in principle is 1 Pomeroy's Eq. Juris., Secs. 422, 587; 2 Id., Secs. 1051 and 1058.

In Seaman v. Cook, 14 Ill. 501-4, it was held that the investment of a trust fund is, when "invested and claimed as the sole property of the trustee or agent, to be treated as a breach of trust; the *cestui que trust* can either follow it and claim that into which it has been invested, or hold the trustee personally responsible."

The same principle. is announced in Tyler v. Daniel, 65 Ill. 316; Ward v. Armstrong, 84 Ill. 151-4; Stephenson v. McClintock, 141 Ill. 604-13.

The trust property may be followed in equity by the *cestui que trust* into whosoever hands it may come with notice of the trust. 2 Perry on Trusts, Sec. 828; 2 Pomeroy's Eq. Juris., Secs. 1043 and 1058; N. M. L. Ins. Co. v. Spaids, 99 Ill. 264; Allen v. Russell, 78 Ky. 105-12; Bundy v. Town of Monticello, 84 Ind. 129.

We are of opinion the bill presents a right to equitable relief, and therefore the decree dismissing it is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings consistent with the views herein expressed.    Reversed and remanded with directions.