EDWARD ZUNKEL v. AMELIA COLSON, et al., Appellants.

**Trusts:** WIDOW AND HEIRS.   Where a widow collected money from her deceased husband's estate, and paid the balance due on land which he had bought and partially paid for, and took the deed in her own name, she holds the land in trust for his heirs.

STATUTE OF LIMITATIONS.   The statute of limitation does not begin to run in favor of one holding land in trust, as against the beneficiary, until the former has clearly notified the latter that he claims the land adversely.

ADVERSE POSSESSION.   The execution of a mortgage by one holding the legal title to land in trust will not be regarded as a repudiation of the trust, and an act of adverse possession, where it was intended to benefit the estate, and was soon after satisfied by the trustee.

*Same.*   The act of a trustee in giving a third person an option, unavailed of, to buy minerals underlying land constituting the trust estate, was not an act of adverse possession, as against the beneficiary.

LACHES.   Where an heir permitted his step-mother to continue in possession of land which she held in trust for him and other heirs, and to appropriate its rents and profits for the necessary support of herself and such other heirs, without demanding or suing for his interest therein until eight or nine years after he became of age, he is not guilty of such laches as will defeat his suit for partition.

**Vendor and Purchaser:** FORFEITURE: *Contract.*   A vendor's right to a forfeiture for the purchaser's default in the payment of an

installment on an executory contract for a sale of land was waived by his subsequent acceptance of payment and the execution of a deed.

**Application for Widow's Allowance:** WAIVER. Where a widow fails, until discharged as administratrix, to apply under the statute for a necessary allowance out of the estate for support during twelve months after her husband's death, she waives all claim thereto.

ABATEMENT OF ALLOWANCE CLAIM. A widow's claim to an allowance for support pending administration abates with her death.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

THURSDAY, DECEMBER 14, 1899.

ACTION for partition. The answer put in issue the plaintiff's title, and from a decree in his favor the defendants appeal.—*Affirmed.*

*Dyer & Stevens* for appellants.

*A. J. Holmes* and *Crooks & Snell* for appellee.

LADD, J.—The parties to this action are the children of Ferdinand Zunkel, who died March 18, 1876, leaving as his heirs the plaintiff, a son by his first wife, and the defendants, the issue of his second union. The mother of the defendants survived him until January 18, 1896. Ferdinand settled on the eighty acres of land in controversy prior to 1875, broke about fifty acres, built a house and fenced it, and June 23d of that year entered into a contract of purchase with Edwin C. Litchfield, agreeing to punctually pay therefor four hundred dollars November 1, 1875, and three hundred and eighty dollars in six equal annual payments, beginning November 1, 1876. Time was of the essence of this agreement, and, upon failure to comply with any of its conditions, it was to be void, without declaration of forfeiture. No payments were made during

the lifetime of Ferdinand Zunkel, and Litchfield had the un-doubted right to treat it as a nullity. But the provis-ions relating to forfeiture were for the benefit of the vendor. *Barrett v. Dean,* 21 Iowa, 426; *Sigler v. Wick* 45 Iowa, 690. See *Mahoney v. McCrea,* 104 Iowa, 735, and might be waived, *Lessell v. Goodman,* 97 Iowa, 681. See *Davidson v. Insurance Co.* 71 Iowa, 532. That they were in fact waived appears from the record before us. All the pay-ments were subsequently made by Mrs. Zunkel on the original contract, and a deed executed to her in pursuance of the sale made to her deceased husband. As she derived the money used for this purpose from the sale of property left by him, the collection of notes due him, and the rents and profits of the land, she took title as trustee for his heirs. *Fox v. Doherty,* 30 Iowa, 334; *Robinson v. Robinson,* 22 Iowa, 427; *Murphy v. Murphy,* 80 Iowa, 740. That she so did is put beyond controversy by the inventory and final report filed by her as administratrix of his estate. From the former it appears that he left personal property valued at six hundred thirty-eight dollars and ninety cents, while the latter shows its value to have been seven hundred eighy-three dollars and fifty-two cents. Out of this she paid fifty-seven dollars and seventy-nine cents taxes on this land, and five hundred sixty-nine dollars and fifty-three cents on the con-tract. She listed it as real estate of the deceased. In her final report she represented herself and children as living on the land, and prayed the court to approve of these payments. The agent of Litchfield is deceased, but his accounts were identified, and confirm the final report, in showing that pay-ments were made on the original contract, and a deed executed to Mrs. Zunkel in pursuance of the sale made to Ferdinand.

II. The widow doubtless might have acquired some property left by deceased for the support of herself and chil-dren during the twelve months after his death. But our stat-ute required her to make application therefor, and directed a necessary allowance, rather than a specified sum. Until there

is a judicial determination, the claim is contingent and un-
certain. The right to it cannot vest until the amount
has been fixed. As a general rule, such an applica-
tion can only be entertained during the time support
is intended. *Kingman v. Kingman,* 31 N. H. 182. And, by
failing to apply therefor prior to her discharge as adminis-
tratrix, she waived all claim thereto. See *Davis' Appeal,* 34
Pa. St. 256. Besides, it has been repeatedly held that, as the
allowance is intended solely to furnish the widow means of
support until her share in her husband's estate has been set
apart (*Newans v. Newans,* 79 Iowa, 32), her claim thereto
abates with her death. *Simpson v. Curelon,* 97 N. C. 114 (2
S. E. Rep. 668) ; *Tarbox v. Fisher,* 50 Me. 238; *Adams v.
Adams,* 10 Metc. (Mass.) 170; 1 Woerner Administration,
86-92. It cannot, then, be said that she had other interest
in the estate of her husband than her distributive share.

III. This action was begun March 12, 1897,—more
than twenty years after the death of Ferdinand Zunkel. The
plaintiff had lived on the land with his stepmother until
eighteen years of age, and thereafter frequently visited her,
up to the time of her death. Her possession under the deed
of June 16, 1881, was that of her *cestui que* trust; also, of
her co-tenant in common. Until she "in some unmis-
takable manner had given plaintiff notice, or sufficient
reason to know," that she claimed the property ad-
versely to him, the statute of limitations did not begin to
run. *Murphy v. Murphy, supra; Gebhard v. Sattler,* 40 Iowa
157; *Potter v. Douglass,* 83 Iowa, 190; *Peters v. Jones,*
35 Iowa, 512; *Otto v. Schlapkahl,* 57 Iowa, 229. She
stood in *loco parentis,* and he had the right to assume, at
least during his minority, in the absence of knowledge
to the contrary, that she would not undertake to devest
him of his inheritance. In April, 1882, she executed a
mortgage to Schlister, but soon thereafter satisfied it.
The money derived by giving this security was
devoted to the improvement of this land, and was
repaid from its income. The transaction, then, was for

the benefit, not only of the widow, but also of the plaintiff and other heirs of the deceased. Under such circumstances, the execution of the mortgage ought not to be regarded as a repudiation of the trust. In September of the same year she gave one Brown the option of buying the minerals underlying the land within four months, and in December following extended this time sixty days. Brown never went into possession, nor did he avail himself of the privilege of buying. This transaction cannot possibly be construed into anything more adverse to the plaintiff than a mere threat to disavow in part her obligation as trustee,—an unexecuted threat. The possession of the widow with her children, the defendants, was uninterrupted up to her death; and the record discloses no act of hers prior to July 23, 1893, which was necessarily inconsistent with the recognition of plaintiff's interest in the land. If she had any intention of repudiating the trust in 1882, she failed to carry it out, and it was abandoned long before the plaintiff arrived at the age of majority. The statute of limitations, then, was not put in motion before the sale of the coal underlying forty acres in 1893; and whether that amounted to a disavowal of the trust as to all the land is not involved in this action.

IV. We need only add that this is not a proper case in which to apply the doctrine of laches. To do so would repudiate the virtues of parental respect and gratitude, which all approve. Doubtless the defense of laches may be availing in cases of implied trusts, but lapse of time is only one of many circumstances by which it may be established. *Reynolds v. Sumner,* 36 Ill. Sup. 58 (18 N. E. Rep. 334, 1 L. R. A. 327); *Boone v. Chiles,* 10 Pet. 177; *Michud v. Girod,* 4 How. 510; Perry Trusts, 229. In permitting his stepmother, who had reared him, to continue in possession of the land, and to appropriate its rents and profits for the necessary support of herself and minor children during the eight or nine years after he became of age, without demanding or bringing an action for his interest therein, he

was not guilty of such delay as ought to defeat his suit for partition. *Paschall v. Hinderer,* 28 Ohio St. 568.   See *Tyler v. Daniel,* 65 Ill. 316.—Affirmed.

Granger, J., not sitting.