In the Matter of the Estate of W. H. H. RICE, Deceased.

**Estates of decedents:** ALLOWANCE TO SURVIVING WIDOW: RIGHT OF RECOVERY. A widow is entitled to her allowance for support the year following her husband's death as fixed by the court, regardless of whether it is paid to her before the expiration of the year or afterward; and her right to any balance remaining unpaid after the expiration of the year will survive to her administrator and may be recovered by him.

*Appeal from Mahaska District Court.*—HON. B. W. PRESTON, Judge.

TUESDAY, FEBRUARY 15, 1910.

THIS is an appeal from an order of distribution made by the trial court upon the final report of the administrator. The facts are stated in the opinion.—*Reversed* and *remanded.*

*J. F.* and *Wm. R. Lacey,* for appellants.

*J. O. Malcolm* and *W. H. Keating,* for appellees.

EVANS, J.—The deceased, Wm. Rice, died February 22, 1907, leaving his surviving widow, Emily, and leaving an estate worth from $20,000 to $30,000, consisting principally of lands. On June 1, 1907, the court made an allowance to the widow of $600 for a year's support. At the time such order was made, and for some time thereafter, there was no money or personal property in the hands of the executor sufficient to pay the same. Upon order of the court a portion of the land was sold, and $2,020 realized therefrom, a large part of which was used by the executor in paying claims against the estate, including payments to the widow upon her allowance for a year's support as follows: On January 3, 1908, $100; March 28, 1908, $36.61; April 22, 1908, $263.39—making a total payment of $400. On May 7, 1908, the widow died, and her son, A. L. Rice, was appointed as her administrator. The executor of Wm. Rice's estate filed his final report, showing in his hands the sum of $455.58, which he proposed to distribute equally among the three residuary legatees of the will. A. L. Rice, as administrator of his mother's estate appeared, and filed exception to the report in that he claimed on behalf of his mother's estate the $200 balance due her at the time of her death for the year's support allowed her by the court. It was contended on behalf of the executor that such unpaid balance of $200 had lapsed as a matter of law by reason of the death of

the widow before the same was paid. The trial court so held, and this is the only question in the case.

The allowance was made to the widow in pursuance of section 3314 of the Code. Under this section it was subject to increase or decrease by order of the court. No order, however, was ever made modifying the same to any extent. The purpose of this statute is to furnish support to the widow out of the estate of her husband for one year next succeeding his death. It may be conceded that if the widow had died within one year from the death of her husband, such fact might properly call for a review of the order of allowance. Even in such case we doubt whether the allowance could be deemed to lapse as a matter of law by the mere fact of the death of the widow, without a review by the court and an order fixing the amount reasonably necessary for her support for the period during which she lived. In this case, however, the widow lived beyond the period of one year after the death of her husband. The amount of the allowance granted by the court was presumptively necessary for her support. If this were not so, the evidence in this case is undisputed that she did expend such sum for her support, and borrowed money for the purpose. Does the mere fact that the executor fails to pay the allowance within the year, and that the widow subsists on credit or otherwise throughout the year, notwithstanding such delinquency or delay of payment, does this fact alone forfeit the right of the widow to enforce payment of her allowance at a later date? We think not. The statute should be construed, and the rights of the widow in such a case determined, in a practical way and in the light of the circumstances that often, if not usually, surround an ordinary estate. It often happens in the settlement of an estate that no funds are immediately available to the executor to pay the widow's allowance. That was true in this particular estate. The executor had to resort to proceedings to sell land before

he was able to pay the widow any part of her allowance. More than ten months had expired since the death of the husband before any part of the widow's allowance was paid. At the expiration of one year, only $100 had been paid. Nevertheless, the widow had been able to live throughout the year, presumably upon her credit, and it may well be presumed that the order of allowance already made by the court was an important element of such credit. Notwithstanding the fact that the executor at the expiration of the year had actually paid the widow only the sum of $100, and that the widow had lived through the year nevertheless, it would be repugnant to the ordinary sense of justice to say that the widow should thereby be deprived of all of the unpaid balance of her allowance. Such a result would furnish a strong motive to the executor to delinquency if he were adversely interested to the widow, and it would lay upon the widow a burdensome degree of diligence in order to secure all her allowance before the clock struck twelve at the end of the year. We think it is a much more practical and equitable rule to say that the widow is entitled to her allowance as fixed by the court, regardless of the question whether it is paid to her before the expiration of the year or afterwards. If this be so, the widow in this case was entitled to demand the balance of her allowance from the executor at any time after the expiration of the year, and before her death, and we see no just reason why such right should not be deemed as surviving to her administrator. If she had obtained credit or incurred expense upon the faith of this allowance, it devolved upon her administrator to pay the debts incurred. If her support had resulted in depleting her own estate by reason of the delay of the executor, the practical result was the same. This identical question has not heretofore been before us. Some analogy, however, may be found in the following cases: *In re Dennis,* 67 Iowa, 110; *In re McReynolds,* 61 Iowa, 585; *Newans v. Newans,* 79

Iowa, 32. See, also, the following alimony cases: *O'Hagan v. O'Hagan,* 4 Iowa, 518; *Seibly v. Judge,* 105 Mich. 584; *Casteel v. Casteel,* 38 Ark. 478; *Tyler v. Tyler,* 99 Ky. 31 (34 S. W. 898); *Knapp v. Knapp,* 134 Mass. 353; *Miller v. Clark,* 23 Ind. 370; *Smith v. Smith,* 1 Root (Conn.) 349. If no order of allowance had been made by the court during the life of the widow, then a very different question would be presented, whether she died within the year or thereafter. Such a case was *Zunkel v. Colson,* 109 Iowa, 695. See also, *Busby v. Busby,* 120 Iowa, 536. We think that under the circumstances of this case, the right of the widow to the allowance ordered did not as a matter of law lapse by reason of her death after the expiration of the year.

It is urged in argument by appellee that the widow waived the payment in her lifetime, and that she directed it applied upon debts and obligations of the estate. This was not the finding of the court, nor does the evidence as presented in the record here justify the argument.

The order of the trial court must therefore be reversed. The case will be remanded for further action of the court in harmony with this opinion.—*Reversed* and *remanded.*