NANCY E. RANKIN, Appellee, v. W. W. RANKIN, as Executor of the Will of A. W. Rankin, Deceased, Appellant.

**Estates of decedents:** ALLOWANCE TO WIDOW: YEAR'S SUPPORT. The allowance to a widow for her year's support is a matter within the sound discretion of the court, and its action will not be disturbed on appeal unless it is made to appear that such discretion has been abused. In the instant case an allowance of $500 is upheld, where it appeared that the estate was worth $10,000 above all debts, although the widow owned a small estate in her own right.

*Appeal from Davis District Court.*—HON. F. M. HUNTER, Judge.

THURSDAY, FEBRUARY 20, 1913.

APPEAL by the executor of the will of A. W. Rankin, from an order allowing the widow of the testator the sum of $500 for a year's support.—*Affirmed.*

*W. W. Rankin* and *Payne & Goodson*, for appellant.

*H. C. Taylor* and *C. W. Ramseyer*, for appellee.

WEAVER, C. J.—The petition of the widow shows that she is sixty-four years of age; that the deceased left no minor children; that his estate is of the value of $30,000; that she

has no estate of her own, except forty acres of land, the net income from which is only $20; and that for her proper support and maintenance the sum of $600 is reasonably required. For this amount she asks an allowance from the estate of her husband. The defendant, resisting said application, denies that the estate is of the value $30,000, and estimates such value at $10,000. He further denies that the widow's income from the land is as alleged by her, and avers that such income is from $125 to $150, and that she has ample property for her own support and maintenance.

The evidence tends to show that the testator left an unincumbered estate, amounting to at least $10,000 over and above debts and liabilities. The widow is shown to have forty acres of land, leased at an annual rent of $60. She also has not to exceed $300 in money. She was the second wife of the testator, and had lived with and cared for him for a considerable number of years before his death. Since his death, she has made her home with her children of a former marriage. She has paid nothing for her board with these children, but expresses her desire to do so. She is in feeble health, and unable to support herself by manual labor. Concerning the rental value of the widow's forty acres, the executor and his witnesses say it is worth $3 per acre annually. It appears, however, that $100 is the highest yearly rental it has ever returned, and that for the last two years it has been let at $60 per year. Out of this she is required to pay taxes and repairs.

Upon the foregoing showing, the trial court awarded the widow $500 as her statutory allowance for a year's support, and the executor appeals. The appeal is wholly without merit.

The application for a widow's allowance is addressed to the sound discretion of the trial court, and will not be disturbed on appeal, unless it be made clearly to appear that such discretion has been abused. *Rice's Estate,* 146 Iowa, 48; *Busby v. Busby,* 120 Iowa, 536; *Dewell's Estate,* 88 Iowa, 14; *Newans v. Newans,* 79 Iowa, 32; *Peet's Estate,* 79 Iowa, 185.

There is here not the slightest showing of an abuse of discretion. That an estate of $10,000 or more, after all general claims have been met, should be required to contribute $500 for a year's support of an aged and infirm widow is certainly not a startling or even extraordinary exercise of judicial power. It has been too often decided to justify citation or quotation of precedents that this allowance is not a mere charity to stand between the widow and absolute privation. That she has a small estate of her own is no reason for denying it. The estate owes her a year's support, if the court shall so order, and, while that support should not be extravagant or wasteful, it is not to be limited to the bare necessities of food, drink, and clothing. Whatever is reasonably necessary to keep her for a year in the station in life in which her marriage had placed her, and is not out of just proportion to the property left by the deceased, is a necessity, within the meaning of the statute. Code, section 3314.

The fact that the widow's children are willing to take her into their homes without exacting of her a promise to pay for the food she eats at their tables, or for the bed in which she sleeps under their roof, is not a matter for which the executor can be allowed credit in meeting this obligation. Neither can he rightly demand that she shall consume her small savings in providing for herself that which, under the statute and the order of the court, he should provide her with from the estate. Counsel speak of the order appealed from as a taking of the money of the heirs to pay the claims of the widow. Such is not the fact. The heirs have no title to or claim upon a dollar of the estate, except such part of it as may be left, after all legal charges, including the claim for widow's support, have been met and satisfied. That their residue may not be unduly depleted, they may properly insist that the allowance be no more than is reasonable; but the record before us discloses no ground for such objection in this case.

The order has ample justification, and it must be affirmed. This conclusion being reached on consideration of the merits of the case, we do not pass upon the appellee's motion to affirm, because of the failure of appellant to comply with our rules in relation to printing abstract. Appellant's motion to strike amended abstract, because not filed in time, is overruled.— *Affirmed.*