**IOWA–DES MOINES NATIONAL BANK and Nina Helen Wilson, Executors of the Estate of James A. Wilson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 8–2185–C–1.**

United States District Court
S. D. Iowa, C. D.

Oct. 13, 1969.

Shirley A. Webster, Winterset, Iowa, for plaintiffs.

Daniel Power, Dept. of Justice, Washington, D. C., and Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for defendant.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This is an action for refund of federal estate tax paid by the plaintiffs. The jurisdiction of the Court pursuant to 28 U.S.C. § 1346(a) (1) is established. There being no dispute as to the facts, they have been stipulated by counsel and are found accordingly.

The plaintiff Iowa-Des Moines National Bank is a corporation licensed and incorporated in the State of Iowa with its principal place of business in Des Moines,

Iowa. The plaintiff Nina Helen Wilson is the widow of James A. Wilson and resided at all times pertinent to this action at Lorimer, Iowa. Both plaintiffs were duly appointed executors of the estate of James A. Wilson. The defendant is the United States of America.

James A. Wilson died testate at the age of eighty-five years. He was survived by his wife, one of the plaintiffs herein, and by a son and two daughters. In November of 1964, plaintiffs applied to the Union County Iowa District Court for an order pursuant to Section 633.374 of the Code of Iowa, to fix a widow's allowance to provide for the support of Nina Helen Wilson for a period of twelve months following the death of James A. Wilson. That Court duly fixed the allowance in the amount of $3,000 and directed the plaintiffs herein to pay the same on November 19, 1964. The allowance was paid to Nina Helen Wilson in equal installments of $1,500 each on December 1, 1964 and June 29, 1965.

On August 26, 1965, the plaintiffs, as executors of the estate of James A. Wilson, filed the estate tax return for the estate. The gross estate of the decedent as reported on the return was in the amount of $123,940.39. In February of 1967, the Commissioner of Internal Revenue made a deficiency assessment against the plaintiffs, as executors, in the amount of $525.68. The assessment was duly paid. On June 19, 1967, plaintiffs filed a claim for refund in the amount of $240.00. Subsequently, the District Director of Internal Revenue gave statutory notice disallowing the claim and on May 2, 1968 plaintiffs filed this action.

The controversy between the parties here arises as a result of the Commissioner's disallowance of the marital deduction provided by I.R.C. § 2056 as to funds distributed to Nina Helen Wilson in the amount of $3,000 as a widow's allowance under Iowa Code § 633.374. The disallowance rests on the contention property passing to a surviving spouse via Iowa Code § 633.374 amounts to a terminable interest within the language

of I.R.C. § 2056(b) (1) [1] and therefore not property to which the marital deduction applies.

■ The general history of the marital deduction is well known. The deduction was enacted in 1948 for the purpose of equalizing the incidence of the estate tax in community property and common-law jurisdictions. The marital deduction allows transfer of up to one-half of noncommunity property to the surviving spouse free of the estate tax. It was the intent of Congress to afford a liberal estate-splitting possibility to married couples where the deductible half of the decedent's estate would ultimately be taxable in the estate of the survivor. Restrictive provisions should not be construed so as to impose unwarranted restrictions upon the availability of the deduction. Northeastern Pennsylvania National Bank & Trust Co. v. United States, 387 U.S. 213, 87 S.Ct. 1573, 18 L.Ed.2d 726 (1967).

Nevertheless, it has been said that "the device of the marital deduction which Congress chose to achieve uniformity was knowingly hedged with limitations, * * *." Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964). The conditions and limitations of the marital deduction are several. Sec. I.R.C. § 2056 (1954); Jackson v. United States, *supra*. In reference to the terminable interest rule—the restriction here in question—it has been noted that the Supreme Court has taken a technical approach not fully in accord with the general goal in enacting the marital deduction provisions. Estate of Joseph Nachimson, 50 T.C. 452 (1968). With these thoughts in mind, attention is turned to the issue at hand.

■ It is well settled that if under state law the right to receive an allowance as a surviving spouse terminates upon the occurrence of such contingencies as the death or remarriage of the survivor, the interest is a terminable one within the meaning of I.R.C. § 2056 (b) (1) and the marital deduction cannot be allowed. Jackson v. United States, *supra;* Hamilton National Bank of Knoxville v. United States, 353 F.2d 930 (6th Cir. 1965); United States v. Quivey, 292 F.2d 252 (8th Cir. 1961). In the alternative, where, under the law of the state, the widow has an absolute right at the date of her spouse's death to support for a fixed period of time, and the right is not extinguished by death or remarriage, the allowance for support has been held not to be a terminable interest and therefore qualifies for the marital deduction. Hamilton National Bank of Knoxville v. United States, *supra*; Estate of Avery v. Commissioner of Internal Revenue, 40 T.C. 392 (1963); Molner v. United States, 175 F.Supp. 271 (D.C.Ill.1959); Estate of Reynolds v. United States, 189 F.Supp. 548 (D.C. Mich.1960). Although there may have at one time been a difference of opinion; [2] it is now established that the right

---

1. The text of the statute is as follows:
   (b) Limitation in the case of life estate or other terminable interest.—
   (1) General rule.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—
   (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

   (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

   and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—
   (C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

2. See Estate of Michael G. Rudnick, 36 T.C. 1021 at 1023 (1961).

to support for purposes of the terminable interest rule must be determined as of the date of the death of the decedent. A determination that the right has become indefeasible at some later date will not suffice. Jackson v. United States, *supra*; Hamilton National Bank of Knoxville v. United States, *supra*; United States v. Quivey, *supra*.

Thus, the real question to be decided here is whether the Iowa statutes creating the allowance for the surviving spouse create a vested or contingent right at the time of the decedent's death. If the former result obtains, property passing thereunder qualifies for the marital deduction. If the latter alternative obtains, the interest is terminable and the marital deduction is not available. A determination of which type of interest obtains requires a rather extended review of the relevant Iowa statutes and their history.

On January 1, 1964, an Act entitled the Iowa Probate Code became the effective law regulating the administration of decedent's estates in the State of Iowa. The Act was intended as a complete overhaul and revision of the then existing Iowa probate law. See Comments of Special Committee on Probate Law of the Iowa Bar Association, Iowa Probate Manual, pp. i et seq. As a part of this overhauling and revision, provisions relating to the allowance to the surviving spouse, see Iowa Code §§ 635.12 et seq. (1962), were drastically revised. The revised statutes now appear as Iowa Code §§ 633.374 et seq. (1966). The revisions were made for the express purpose of qualifying the allowance to the surviving spouse—commonly called the widow's allowance—for the marital deduction for federal estate tax purposes under I.R.C. § 2056. Bar Committee Comments, §§ 374, 375, Iowa Probate Manual, p. 89. Clearly, it was recognized that the provisions of the then existing Iowa law did not qualify the property passing thereunder for the marital deduction due to the strictures of I.R.C. § 2056(b) (1).

The new Iowa statutes relating directly to the allowance for the surviving spouse are entitled § 633.374, *Allowance to surviving spouse* and § 633.375, *Review of allowance to surviving spouse*. Since the decision here must rest on the construction given these statutes, they are reproduced below in their entirety.

"§ 633.374, *Allowance to surviving spouse*. The court shall, upon application, set off and order paid to the surviving spouse, as part of the costs of administration, sufficient of the decedent's property as it deems reasonable for the proper support of the surviving spouse for the period of twelve months following the death of the decedent. When said application is not made by the personal representative, notice of hearing upon the application shall be given to the personal representative. The court shall take into consideration the station in life of the surviving spouse and the assets and condition of the estate. The allowance shall also include such additional amount as the court deems reasonable for the proper support, during such period, of dependents of the decedent who reside with the surviving spouse. Such allowance to the surviving spouse shall not abate upon the death or remarriage of such spouse."

"§ 633.375, *Review of allowance to surviving spouse*. The court may, upon the petition of the spouse, or other person interested, and after hearing pursuant to notice to all interested parties, review such allowance and increase the same."

By way of contrast, the previous Iowa statute had said:

"The court shall, if necessary, set off to the widow and children of the decedent under fifteen years of age, or to either, sufficient of his property, of such kind as is appropriate, to support them for the period of administration but not to exceed twelve months from the time of his death, and may, on the petition of the widow or other person interested, review such allowance and increase or diminish the

same, and make such orders in the premises as shall be right and proper." Iowa Code § 635.12 (1962). Subsequent sections of the law indicate that an application was also necessary under the prior law. See Iowa Code § 635.13 (1962).

■■ As can be readily seen, the revision of the Iowa probate law relating to the widow's allowance modified the results that could obtain thereunder. The allowance can no longer abate upon the death or remarriage of the surviving spouse. Once fixed, the amount of the allowance is not subject to reduction. In addition, the amount or kind of property set off for support is no longer dictated by necessity. On the other hand, the revised Iowa statute still requires that an application be made. There is no indication that such an application could be made after the death or remarriage of the surviving spouse.[3] Once application has been made, property the court deems reasonable and proper under the circumstances must be set off. Thus, a judicial determination remains necessary prior to the granting of the allowance.

No Iowa cases have been found which describe in detail the workings of the present Iowa statutes creating the allowance for the surviving spouse. However, the Iowa Court in Zunkel v. Colson, 109 Iowa 695, 81 N.W. 175 (1899) did describe the nature of the property interest arising as a result of the operation of previous Iowa statutes creating the allowance. In its consideration of that case, the Iowa Court said:

"2. The widow doubtless might have acquired some property left by the deceased for the support of herself and children during the 12 months after his death. But our statute required her to make application therefor, and directed a necessary allowance, rather than a specified sum. Until there is a judicial determination, the claim is contingent and uncertain. The right to it cannot vest until the amount has been fixed. As a general rule, such an application can only be entertained during the time support is intended. (Citation omitted). And, by failing to apply therefor prior to her discharge as administratrix, she waived all claim thereto. (Citation omitted). Besides, it has been repeatedly held that, as the allowance is intended solely to furnish the widow means of support until her share in her husband's estate has been set apart (citation omitted), her claim thereto abates with her death (citations omitted). It cannot, then, be said that she had other interest in the estate of her husband than her distributive share."

Counsel have not cited nor has the Court found any subsequent Iowa case that substantially alters the holding in Zunkel v. Colson, *supra*.

■ The Government contends that the present Iowa statutes, like their predecessors, create only a contingent interest in the surviving spouse, in spite of legislative intent to the contrary. The force of the argument is that an application must be made before the allowance can be fixed and that should the surviving spouse expire before an application is made, the interest would fail. There is authority for the proposition that such a requirement does not render the interest terminable. Hamilton National Bank of Knoxville v. United States (dicta), *supra*; Resenhouse v. Commissioner of Internal Revenue, 31 T.C. 818 (1959). Be that as it may, it is well established that when construing state statutory law, this Court is bound by the decisions of the highest court of that state. Jackson v. United States, *supra*; Garner v. State of La., 368 U.S. 157, 166, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).

■ The language of the *Zunkel* case seems to control the issues here. Under the present Iowa statute an application

---

3. The language of the statute does indicate that the application could be made by someone other than the surviving spouse,

i. e., the personal representative of the decedent.

is necessary and a judicial determination relative thereto must be made before the granting of any allowance to the surviving spouse. In like circumstances the Iowa Supreme Court has held that only a contingent interest was created. It is this kind of interest to which the terminable interest rule of I.R.C. § 2056 (b) (1) applies. The Court reluctantly concludes that the revisions contained in the Iowa Probate Code, Iowa Code §§ 633.374 et seq. (1966) fall short of eliminating the rule of *Zunkel*.

This memorandum is adopted as findings of fact and conclusions of law. Judgment will be entered in favor of the defendant and against the plaintiff.