In the Matter of the ESTATE of
Andrew DeVRIES, Deceased.

No. 55202.

Supreme Court of Iowa.

Dec. 20, 1972.

————◆————

Richard C. Turner, Atty. Gen., George W. Murray and Gerald Kuehn, Asst. Attys. Gen., for appellant.

Earl T. Klay and Loren J. Veldhuizen, Orange City, for appellee.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and McCORMICK, JJ.

LeGRAND, Justice.

Shortly after the death of Andrew De-Vries, his surviving spouse, who was also his executor, applied to the court in which his estate was being probated for an allowance for her support under section 633.374, The Code, 1966. By ex parte order she was awarded $15,000, which was thereafter taken as a deduction on the Iowa Inheritance Tax return filed by the executor.

The Iowa Department of Revenue (hereafter called Department) disallowed this item as a deduction for inheritance tax purposes. The executor filed an application setting up the Department's refusal to recognize the allowance, despite the provisions of section 450.12, The Code, 1966. She asked that it be compelled to do so.

The matter was set for hearing upon notice to the Department and was submitted on stipulated facts. Thereafter the probate court confirmed the original award of $15,000 and directed the Department to allow that amount as part of the costs of administration in the computation of inheritance tax due. This is the order from which the Department now appeals. Since the amount involved is less than $1000 in additional inheritance tax, the matter is here upon certification of the trial judge. (Rule 333, Rules of Civil Procedure.)

The Department argues, first, that the widow is entitled to no allowance, or, in the alternative, that the allowance made is excessive and should be reduced. The Department asks us to reach one of these results because (1) the trial court erred in finding the original ex parte order to be a final adjudication; (2) the award of an allowance to a surviving spouse is an exemption from taxation and must be sustained by clear and satisfactory evidence, which is wholly lacking here; and (3) an allowance should not have been made because there was no showing of necessity.

A determination of this appeal involves the construction of sections 633.374 and 633.375 of the Iowa Probate Code, which became effective January 1, 1964. That legislation made material changes in the rules governing allowances to a surviving spouse. Much of the authority which the Department urges upon us in support of its position is no longer applicable because of these statutory differences.

I. The Department argues vigorously against the finality of the court's ex parte order awarding the surviving spouse an allowance of $15,000 under section 633.374, The Code, 1966. The Department relies upon section 633.37 of the Code, which provides that orders in probate entered

without notice or appearance are reviewable by the court at any time before approval of the executor's final report. We question if that is a real issue because the trial court did not consider the ex parte order as final. The matter was reviewed after a contested hearing on stipulated facts, and the original award was then found to be reasonable and proper.

The Department disregards this and insists the probate court refused to reduce the amount of the allowance solely because it concluded—incorrectly, according to the Department—it could not do so because of section 633.375. That section is here set out in full:

"The court may, upon the petition of the spouse, or other person interested, and after hearing pursuant to notice to all interested parties, review such allowance [as was made under section 633.374] and *increase the same.*" (Emphasis added.)

Despite our doubt that this section was the basis for the order appealed from, we nevertheless consider the meaning and effect of that legislative enactment since it raises recurring questions of great importance to the bench and bar and since both parties urge us to do so.

Simply stated the issue is this: does section 633.375 prohibit a subsequent decrease in the amount of the allowance made to a surviving spouse by order of the probate court under section 633.374? Subject to the qualification later mentioned, we say it does. The purpose of section 633.375 was to make the allowance for support final except for the possibility of a later increase. There is no provision for *decreasing* an award. Any doubt about this is settled by this Bar Committee comment appended to the statute:

"New. Provides allowance may be increased where circumstances make it necessary. The right to decrease the allowance is eliminated in order to avoid the terminable interest rule which has

been held to disqualify the widow's allowance as part of the marital deduction." (Emphasis added.)

■ In construing a statute—particularly when it is before us for the first time—we must seek out and give effect to the intention of the legislature from the language used and the purpose for which the law was enacted. Rule 344(f), 13, R.C.P.; McKillip v. Zimmerman, Iowa, 191 N.W.2d 706, 709 (1971); Dobrovolny v. Reinhardt, Iowa, 173 N.W.2d 837, 840 (1970); Hedges v. Conder, Iowa, 166 N.W.2d 844, 852 (1969); Overbeck v. Dillaber, Iowa, 165 N.W.2d 795, 797 (1969); Wilson v. Iowa City, Iowa, 165 N.W.2d 813, 822 (1969); In re Millers' Estate, Iowa, 159 N.W.2d 441, 443 (1968).

Although we have not heretofore considered the effect of section 633.375, it came under scrutiny in Iowa-Des Moines National Bank v. United States, U.S.D.C., S. D. of Iowa, 306 F.Supp. 320 (1969), where the court, at page 324, made this observation:

"As can be readily seen, the revision of the Iowa Probate law relating to the widow's allowance modified the result that could obtain thereunder. The allowance can no longer abate upon the death or remarriage of the surviving spouse. *Once fixed, the amount of the allowance is not subject to reduction.* In addition, the amount or kind of property set off for support is no longer dictated by necessity. * * *" (Emphasis added.)

■■ We agree with this analysis, and we hold an allowance for support granted under section 633.374 is not subject to later reduction. We reach this conclusion because of the prohibitory terms of section 633.375. The legislative intent to make such an award final (except as to an increase) is clear and certain, not only from the unambiguous language of the statute itself but from the explanation as to why

this was done. (The fact that it apparently did not accomplish its purpose as shown by Iowa-Des Moines National Bank v. United States, supra, 306 F.Supp. at 324-325, does not affect the interpretation we must give the statute.)

We qualify our holding only to the extent of saying that such an award may be set aside or reduced by the probate court upon a showing of fraud, mistake, or other cause which would justify the vacation of a judgment by equitable proceedings. 46 Am.Jur.2d, Judgments, section 800 (1969). Cf. Hendron v. Kinner, 110 Iowa (544, 549, 80 N.W. 419, 420 (1900), (modified at 81 N.W. 783) and In re Estate of Mary Ann Nicholson, 230 Iowa 1191, 1208, 300 N.W. 332, 341 (1941). These cases, it is true, involve adjudications after notice and hearing. They are cited here only to show the circumstances under which a probate order entered under such circumstances may be vacated. We believe the reasoning applicable to the present case, where the legislature has made the probate order final without notice or hearing.

We have not ignored the Department's argument that section 633.37 forbids the result reached. We believe, however, the specific provisions of section 633.375 override the general ones of section 633.37. Ritter v. Dagel, 261 Iowa 870, 880-882, 156 N.W.2d 318, 324 (1968) and citations.

In summary, we hold section 633.375 does not permit reduction of an order awarding support under section 633.374 except upon a showing of fraud, collusion, mistake or other equitable circumstance which would justify the vacation of a judgment generally.

■ II. Our ruling in Division I probably makes unnecessary a discussion of the other issues raised. However, we give them brief treatment. The Department argues the allowance for support is an exemption and the widow has the burden of justifying it by clear and convincing evidence. The Department's premise is wrong. An allowance for support is not an exemption. It is a cost of administration. It is so designated in section 633.-3(8), The Code, 1966. We have so held in Bankers Trust Company v. Allen, 257 Iowa 938, 949, 135 N.W.2d 607, 613, 614 (1965) and citations. See also 26 Iowa Law Review, page 593, R. Neuhoff, Deductions, Exemptions and Credits in State Inheritance Tax and Estate Taxation (1941).

■ III. The third matter urged by the Department is that the allowance should be granted only on a showing of necessity, something which was not done here.

The simple answer to this is that the statute no longer makes necessity a condition to the granting of support to a surviving spouse. Such a requirement was eliminated by the new probate code.

The Department cites only cases dealing with the old statute (section 635.12, The Code, 1962), where the term "if necessary" was made a part of the legislative enactment and limited the award of support to those who were found to need it. The omission of those words in the new probate code is significant, but the Department would have us construe the present statute as if they had been retained.

The probate court is now directed to make such allowance as is "reasonable for the proper support of the surviving spouse," taking into account her "station in life and the assets and condition of the estate."

The Department's position that there must be a showing of necessity before support may be awarded under section 633.374 is without merit.

IV. For the reasons heretofore stated, we affirm the order of the trial court.

Affirmed.